**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEAN KICHATAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 17 C 4578** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **NORTHWEST HOME CARE, INC.,** | ) | |
| **d/b/a/ ABCOR HOME HEALTH, INC.,** | ) | |
| **ALLIED SKILLED CARE, INC.,** | ) | |
| **ANDREW KULBACHNY and** | ) | |
| **IGOR KULBACHNY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendants have filed a motion for sanctions under Fed.R.Civ.P. 11, contending that the plaintiff's allegations in his complaint and amended complaint were made in bad faith and he knew them to be false. For the following reasons, the motion is denied.

First and foremost, this case was dismissed for lack of federal jurisdiction *seven months ago* on March 21, 2018. [Dkt. #43]. The plaintiff's amended complaint, filed on January 10, 2018, withdrew the allegations he had made in his original complaint under the Family and Medical Leave Act, which were the only basis for federal jurisdiction in this case. [Dkt. #28, Par. 7]. As such, the court declined to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. $ 1367(c); *Jinks v. Richland Cty., S.C.*, 538 U.S. 456, 459 (2003); *Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018).

The untimeliness of the defendants' motion is driven home by Rule 11's requirement that a motion for sanctions be served on the opposing party 21 days before it is filed in court. See

Fed.R.Civ.P. 11(c)(2); *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011). This practice creates a safe harbor that allows a party to avoid sanctions by amending or retracting a challenged filing. See Fed.R.Civ.P. 11 Advisory Committee's notes (1993 amendments); *see also N. Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 888 (7th Cir. 2017); *Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 363 (7th Cir.2010). If that is not clear enough, the Advisory Committee's notes to the 1993 Amendments leave no doubt: "Given the 'safe harbor' provisions ... a party cannot delay serving its Rule 11 motion until conclusion of the case." *See also Olson v. Reynolds*, 484 F. App'x 61, 64 (7th Cir. 2012); *cf. Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 553 (7th Cir. 2011)("'outer parameters' for filing motions for sanctions is [sic] 90 days."). This motion comes far too late.

Second – and not surprisingly, the defendants give no indication that they complied with Rule 11's safe-harbor requirement by serving plaintiff with notice of their Rule 11 motion 21 days before filing it with the court. Fed.R.Civ.P. 11(c)(2). Of course there isn't; seven months after a case is dismissed there is no "challenged paper . . . [to be] withdrawn or appropriately corrected." But, nevertheless, what the Seventh Circuit has said in a similar circumstance come to mind: "we cannot help but note the irony inherent in a party's procedurally improper request that the court sanction an opposing party for failing to comply with other procedural rules." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 421 (7th Cir. 2018).

Finally, the defendants' basis for sanctions – that plaintiff's FMLA claims were false – is nothing more than an attorney's assertion in a motion. That's neither proof not evidence. *Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir. 2015); *Malik v. Holder*, 546 F. App'x 590, 593 (7th Cir. 2013). The withdrawal of a claim doesn't necessarily mean it was false. And, again, the very rule the

defendants are moving under allows for withdrawal of a claim without consequence of sanctions. Feds.R.Civ.P. 11(c)(2). Moreover, at no time in the two months following the filing of the amended complaint did the defendants file a motion for summary for summary judgment, or even a challenge to federal jurisdiction. [Dkt. # 29, Par. 7 (conceding supplemental jurisdiction)]. Again, the case was dismissed in March and it is now October. The time to attack allegations and mount a defense has long passed.

Accordingly, the defendants' motion for sanctions [Dkt. #44] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/3/18